


# UNITED STATES DISTRICT COURT

for the

Central District of California

UNITED STATES OF AMERICA,

v.

CARLOS GUTIERREZ-CARDENAS,

Defendant.

Case No. 5:25-mj-00496

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of July 21, 2025, in the county of San Bernardino in the Central District of California, the defendant violated: Title 18, United States Code, 111(a)(1), (b).

*Code Section:*

Title 18, U.S.C. § 111(a)(1), (b)

*Offense Description:*

Assaulting, Resisting, or Impeding Certain Officers or Employees

This criminal complaint is based on these facts:

   *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
_____
Complainant's signature

Special Agent Manuel Dorado – HSI
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: July 23, 2025

_____
*Judge's signature*

City and state: Riverside, California

Honorable Sheri Pym, U.S. Magistrate Judge
_____
*Printed name and title*

AUSA: Sean Peterson (951-276-6930)

**AFFIDAVIT**

I, Manuel Dorado, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against, and arrest warrant for, Carlos GUTIERREZ-CARDENAS ("GUTIERREZ") for a violation of 18 U.S.C. § 111(a)(1), (b): Assaulting, resisting, or impeding certain officers or employees.

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent with Homeland Security Investigations ("HSI") and have been employed as a Special Agent since September 2006. I am currently assigned to the HSI Assistant Special Agent in Charge Office in Riverside, California.

4. I am a graduate of the Federal Law Enforcement Training Center and have received extensive training in the

investigation of narcotics trafficking, financial crimes, immigration and customs offenses, and other violations of federal law. I am currently assigned to the Border Security Group where I investigate immigration and customs violations, human smuggling, and human trafficking.

5. Throughout my career, I have participated in numerous investigations and have conducted or assisted in the arrests of numerous subjects, conducted interviews with victims, witnesses, suspects, and informants. I have participated in several static and mobile surveillance activities and have assisted in the execution of search warrants. I am familiar with the tactics used by defendants and criminal organizations to smuggle aliens, evade detection, assault law enforcement officers, and obstruct investigations.

### III. STATEMENT OF PROBABLE CAUSE

6. Based on my review of conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A. ICE ERO Officers Conduct Immigration Enforcement Operation on GUTIERREZ**

7. On July 21, 2025, at approximately 11:40 a.m., Homeland Security Investigations ("HSI") was notified by Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") – San Bernardino of an incident involving GUTIERREZ. The incident occurred in Ontario, California, at approximately 9:30 a.m., during a planned immigration enforcement operation in which ERO and HSI agents

2

attempted to arrest GUTIERREZ after he exited a business and was walking towards his vehicle.

8. ERO and HSI agents involved were clearly identifiable as federal officers, wearing vests and clothing marked with "POLICE/ERO/HSI," and their unmarked vehicles were outfitted with police equipment to include red and blue lights with sirens.

9. ERO and HSI agents had previously observed GUTIERREZ near his suspected residence located at 559 W. Flora Street, Apt. A, Ontario, California ("SUBJECT RESIDENCE") while conducting surveillance near the SUBJECT RESIDENCE.

10. On July 21, 2025, at approximately 5:30 a.m., ERO and HSI agents established surveillance around the SUBJECT RESIDENCE. At approximately 9:05 a.m., an ERO officer positively identified GUTIERREZ as GUTIERREZ exited the SUBJECT RESIDENCE. The ERO Officer had obtained a picture of GUTIERREZ from a previous immigration encounter by querying a Department of Homeland Security database and the person exiting the apartment matched the picture.

11. The ERO Officer stated that GUTIERREZ walked to a white Dodge Ram truck bearing California License plate 90130V3 ("SUBJECT VEHICLE"), parked in the rear of the apartment complex driveway. The ERO Officer observed GUTIERREZ drive the SUBJECT VEHICLE up to a garage where GUTIERREZ loaded equipment into the bed of the SUBJECT VEHICLE. The SUBJECT VEHICLE that the ERO Officer observed GUTIERREZ driving is registered to GUTIERREZ at the SUBJECT RESIDENCE.

12. At approximately 9:15 a.m., GUTIERREZ drove away in the SUBJECT VEHICLE, traveling westbound on W. Flora Street and making a southbound turn onto N. San Antonio Avenue. ERO and HSI agents followed GUTIERREZ away from the SUBJECT RESIDENCE in their unmarked government vehicles. GUTIERREZ drove to Miss Donuts located at 658 W. Holt Boulevard A, Ontario, CA and exited the SUBJECT VEHICLE and entered the business.

**B.   ERO and HSI Agents Attempt to Arrest GUTIERREZ**

13. ERO and HSI agents attempted to arrest GUTIERREZ after he exited the business and before entering the SUBJECT VEHICLE. At approximately 9:30 a.m., GUTIERREZ exited the business and an ERO agent approached GUTIERREZ on the driver side of the SUBJECT VEHICLE and an HSI agent approached from the passenger side.

**C.   GUTIERREZ Assaults an ERO Officer**

14. The ERO Officer told GUTIERREZ to stop after exiting the business and identified himself as an ICE Officer. GUTIERREZ looked at the ERO Officer and then sped to the door of the SUBJECT VEHICLE, opened it, and attempted to enter the SUBJECT VEHICLE. GUTIERREZ was able to open the SUBJECT VEHICLE door and partially enter. However, the ERO Officer grabbed GUTIERREZ's left arm and gave him commands to stop resisting. At this time, the ERO Officer was standing on the outside of the SUBJECT VEHICLE's door holding GUTIERREZ's left arm, while Gutierrez was standing and facing the interior-side of the same door. Using the arm that the ERO Officer was not holding, GUTIERREZ threw freshly purchased and hot coffee over the door which landed on the ERO Officer's arm and right side of his face

which caused the ERO Officer pain and discomfort.  The ERO officer pulled GUTIERREZ out from behind the door, and then let go of GUTIERREZ as the ERO Officer wiped the ERO officer's face. GUTIERREZ then ran into a nearby Stater Bros. Market located just east of Miss Donuts in the same shopping center.

15.  ERO and HSI Officers gave chase but did not pursue GUTIERREZ into the Stater Bros. Market but instead called for support.  A nearby ERO team arrived to support the ERO and HSI agents on scene and conducted a cursory search of the Stater Bros. Market but were unable to locate GUTIERREZ.

### D. Defendant Was Previously Ordered Removed From the United States, Was Removed From the United States, and Did Not Have Permission to Return to the United States

16.  On or about July 23, 2025, I reviewed records associated to defendant's unique fingerprint identifier that are contained in DHS indices.  Based on the review of those indices, I learned the following about defendant's immigration history: (a) Defendant is a citizen and national of Mexico; (b) on or about March 1, 1999, defendant was ordered removed from the United States to Mexico; (c) on or about March 1, 1999, defendant was physically removed from the United States to Mexico; (d) There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal.

### E. GUTIERREZ is Charged in Superior Court with Battery and Child Abuse

17. Based on Superior Court records, GUTIERREZ is currently facing two misdemeanor charges in Superior Court in San Bernardino County for alleged violations of Penal Code Section 243(e)(1), battery on a spouse, cohabitant, fiancé, boyfriend, girlfriend, or child's parent, and of Penal Code Section 273a(b), child abuse under circumstance or conditions other than GBI or death.  The conduct supporting both charges allegedly occurred on August 3, 2024 based on the complaint, and the complaint was filed on May 30, 2025.

## IV. CONCLUSION

18. For all of the reasons described above, there is probable cause to believe that GUTIERREZ committed a violation of 18 U.S.C. § 111(a)(1), (b), assaulting, resisting, or impeding certain officers or employees.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 23 day of July 2025.

HONORABLE SHERI PYM
UNITED STATES MAGISTRATE JUDGE